J-S32016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
  : PENNSYLVANIA
  :
       v. :
  :
  :
  :
TROY J. STEINBURGER :
  :
      Appellant : No. 45 MDA 2022

Appeal from the PCRA Order Entered December 10, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004040-2002

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: NOVEMBER 1, 2022**

Appellant, Troy J. Steinburger, appeals from the post-conviction court's
December 10, 2021 order dismissing his seventh petition filed pursuant to the
Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

We need not set forth the relevant background of this matter here, as
the PCRA court provided an adequate summary in its November 16, 2021
opinion, in which it gave Appellant notice of its intent to dismiss his petition
without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.

---

[1] In Appellant's notice of appeal, he purports to appeal from the trial court's
"order of sentence." **See** Notice of Appeal, 12/20/21, at 1 (unnumbered
pages). However, Appellant attached the PCRA court's December 10, 2021
order to his notice of appeal, and the docketing statement he filed with this
Court clearly indicates that Appellant is appealing from the denial of PCRA
relief. Consequently, we conclude that the reference to Appellant's sentence
is a typographical error.

*See* PCRA Court Opinion ("PCO"), 11/16/21, at 1-3.[2, 3]  Presently, Appellant

raises a single issue for our review:

> Did the PCRA court err by dismissing [Appellant's] PCRA Petition without an evidentiary hearing where he adequately pleaded that he is entitled to relief based on newly and after discovered evidence?

Appellant's Brief at 4.

We have reviewed the thorough and well-reasoned opinion issued by

the Honorable John F. Cherry, President Judge of the Court of Common Pleas

of Dauphin County.  We conclude that the reasoning set forth in Judge Cherry's

opinion accurately and thoroughly disposes of the issue raised by Appellant.

*See* PCO at 3-7.[4]  Accordingly, we adopt his opinion as our own with respect

to the issue Appellant raises on appeal.[5]

---

[2] We only add to the PCRA court's summary that Appellant filed a timely response to the PCRA's court Rule 907 notice on December 6, 2021.  The trial court entered its final order dismissing Appellant's petition on December 10, 2021, and Appellant subsequently filed a timely notice of appeal.  The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not do so.

[3] The PCRA court relied on its November 16, 2021 opinion in its January 14, 2022 Pa.R.A.P. 1925(a) opinion.

[4] We do note a typographical error in the PCRA court's decision.  It says Carolina Villanueva's statement was dated March 19, 2019, when it was actually dated March 19, 2020.  *See* PCO at 5; Appellant's Seventh PCRA Petition, 2/12/21, at ¶ 9.

[5] The court addresses another issue in its opinion that Appellant has not raised on appeal.  *See* PCO at 7 (addressing Appellant's claim of trial counsel's ineffectiveness with respect to an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963)).  We do not adopt the court's analysis of this claim, as Appellant has abandoned this issue on appeal.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/01/2022

ORIGINAL

COMMONWEALTH

        v.

TROY STEINBURGER

: IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
: NO. 4040 CR 2002
:
: PCRA
:
:
:
:

## MEMORANDUM OPINION
## AND ORDER

This matter comes before the Court on the seventh Petition for Post Conviction Relief of Troy Steinburger ("Petitioner"). [1] For the reasons set forth, we apprise Petitioner of our INTENT TO DISMISS the request for relief.

## RELEVANT PROCEDURAL HISTORY

Following a trial conducted November 5-7, 2003, a jury found Petitioner guilty of Murder in the First Degree, [2] Criminal Conspiracy [3] and Possession of Instrument of Crime [4]. The Court imposed sentence as follows:

Count 1- Murder in the First Degree- Life imprisonment without parole; Restitution.

Count 2- Criminal Conspiracy: Not less than 10 nor more than 20 years imprisonment, concurrent with Count 1.

---

[1] Petitioner incorrectly entitled the filing "Defendant's Second Petition Pursuant to The Post Conviction Relief Act". The instant Petition constitutes Petitioner's seventh PCRA petition.
[2] 18 PA.C.S. § 2502(a)
[3] 18 PA.C.S. § 903
[4] 18 PA.C.S. § 907 (b)

1

SCANNED

Count 3- Possession of Instrument of Crime: Not less than 1 year nor more than 2 years imprisonment,

Count 3- Possession of Instrument of Crime: concurrent with Count 1.

Petitioner appealed. The Superior Court affirmed the judgment of sentence on August 9, 2004. Petitioner did not request allowance of appeal to the Pennsylvania Supreme Court.

Petitioner then filed a series of requests for relief under the Post Conviction Relief Act [5]. On October 28, 2004, Petitioner filed his first PCRA request, a *pro se* petition. The Court appointed PCRA counsel. On January 12, 2005, we granted PCRA counsel's Motion to Withdraw and apprised Petitioner of our intent to dismiss the Petition pursuant to Pennsylvania Rule of Criminal Procedure 907 (1)("Rule 907"). We dismissed the first PCRA Petition by Final Order filed February 23, 2005. Petitioner did not appeal.

On June 27, 2005, Petitioner filed a second PCRA Petition, which, following notice pursuant to Rule 907, we dismissed by Final Order filed September 12, 2005. Petitioner did not appeal.

On July 21, 2006, Petitioner filed a third PCRA Petition which, following notice pursuant to Rule 907, we dismissed by Final Order filed October 5, 2006. Petitioner filed a timely appeal. The Superior Court dismissed Petitioner's appeal for failure to file a docketing statement as required by Pennsylvania Rule of Appellate Procedure 3517.

On October 4, 2007, Petitioner filed a fourth PCRA Petition. Following notice pursuant to Rule 907, Petitioner filed objections. We dismissed the fourth PCRA Petition by Final Order filed November 15, 2007. On December 4, 2007, we filed an Amended Order. Petitioner appealed. By Memorandum Opinion and Order filed July 18, 2008, the Superior Court affirmed the denial of relief.

---

[5] 42 Pa.C.S. §9541 *et seq.*

2

On January 15, 2013, Petition filed a fifth PCRA Petition. By Order of February 12, 2013, we provided notice of intent to dismiss pursuant to Rule 907. On February 21, 2013, Petitioner filed *pro se* correspondence requesting permission to withdraw his fifth PCRA Petition. By Order filed March 4, 2013, we granted Petitioner's request to withdraw the fifth PCRA Petition.

On July 24, 2017, Petitioner filed a Motion to Open and Vacate Order/Sentence Pursuant to Pa.C.S.A. § 5505, which we construed as Petitioner's sixth PCRA Petition. [6] Petitioner appealed. The Pennsylvania Superior Court affirmed the denial of PCRA relief on October 18, 2018. The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on April 10, 2019.

DISCUSSION

The Court lacks jurisdiction to consider Petitioner's facially untimely seventh request for post conviction relief which fails to plead exception to timeliness requirements under the Post Conviction Relief Act, 42 Pa.C.S. § 9542 *et seq.*

In determining whether jurisdiction lies for this Court to consider Petitioner's claim, we first review whether it is timely filed. A request for relief under the Post Conviction Relief Act, including a second or subsequent PCRA, must be filed within one year of the date that the judgment of sentence becomes final unless a statutory exception applies. *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 (2006)(citing *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581 (1999)). Consideration of timeliness is separate and distinct from consideration of the merits of the petitioner's underlying claim. *Commonwealth v. Stokes*, 598 Pa. 574, 959 A.2d 306,

---

[6] See, *Commonwealth v. Johnson*, 803 A.2d 1291 (The PCRA provides the sole means for obtaining collateral review).

3

310 (2008). The timeliness requirement is jurisdictional in nature and the court may not ignore it in order to reach the merits. *Commonwealth v. Murray*, 562 Pa. 1, 5, 753 A.2d 201, 203 (2000). For purposes of the determining the timeliness of the filing of a PCRA, a judgment of sentence "becomes final at the conclusion of direct review including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking review." 42 Pa.C.S.§9545(b)(3).

In the instant case, the Pennsylvania Superior Court held that the last day for Petitioner to have filed a timely PCRA was September 8, 2005. *See*, Memorandum Opinion, Superior Court Docket No. 4 MDA 2008, p. 5. Therefore, the instant seventh Petition is facially untimely.

The court may consider an untimely petition where the petitioner proves one of the limited exceptions set forth in 42 Pa.C.S. §9545(b)(1)(i)(ii) and (iii), which provide:

(i)     the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §9545(b)(1)(i), (ii) and (iii).

Our appellate courts have explained:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super.2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

4

This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall,* 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

*Commonwealth v. Brown,* 2015 PA Super 24, 111 A.3d 171, 176–77 (2015)

"In other words, the "new facts" exception at [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Trivigno,* No. 1779 EDA 2020, 2021 WL 3465926, at *3 (Pa. Super. Ct. Aug. 6, 2021)

In seeking exception to the timeliness requirement, Petitioner asserts that he did not know the whereabouts of an alleged alibi witness, or whether she would testify for him, until 2019. (PCRA Petition, para 17). Petitioner alleges:

6. [Petitioner] has always maintained his innocence in this matter. [Petitioner] avers that at the time of the shooting, he was with his then-girlfriend Carolina Villanueva and not shooting Green. Defendant attempted to locate Ms. Villanueva prior to his trial by reaching out to their mutual friends, however, was unsuccessful.

7. In 2019, [Petitioner] retained [current counsel] to re-interview witnesses. Defendant informed current counsel that he was with his girlfriend, Ms. Villanueva, at the time he was alleged to have committed the offense with co-defendant and that he believed he was time-barred since he could not locate her at the time of the trial. Upon receipt of this information [current counsel] undertook efforts to locate Ms. Villanueva.

8. It was discovered that Ms. Villanueva was incarcerated in New York based on information that was available on New York City's DOC website at the Rose M. Singer Center. The undersigned began writing to Ms. Villanueva in September of 2019, however, Ms. Villanueva was unresponsive to the undersigned's letters. Exhibit "A".

9. Petitioner's family similarly began writing Ms. Villanueva. In April of 2020, the undersigned received a statement by Ms. Villanueva dated March 19, 2019, in which she proffered that she was with [Petitioner] inside of Christina's house [Jose Lopez's niece] at the time of the shooting. Exhibit 'B'.

10. The letter from Ms. Villanueva reflected that she was being housed in a new prison. [Current PCRA counsel] wrote to Ms. Villanueva asking her to confirm that she wrote

5

the statement and to clarify the proffered facts. Exhibit 'C'. Ms. Villanueva replied to the undersigned's letter proffering more information about her and Defendant's whereabouts that night. Exhibit 'D'.

(Defendant's Second Petition Pursuant to the Post Conviction Relief Act, para. 6-10).

Petitioner's averments fail to satisfy either component of the "new facts" exception under Subsection (b)(1)(ii). First, Petitioner knew of the identity alleged alibi witness, his girlfriend Ms. Villanueva. Ms. Villanueva's statement is not a new fact, but rather, the statement of a newly willing source of a previously known fact. See, *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008).

Next, Petitioner fails to plead facts which would demonstrate the exercise of due diligence in attempting to locate Ms. Villanueva. The Petition fails to plead that he undertook any efforts to locate her from the time of the trial in November 2003 until 2019, when he retained current PCRA counsel. As to the lack of diligence during those sixteen years, Petitioner alleges only that he believed he was out of time to present the alleged alibi statement. However, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) citing *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). The Petition avers that current counsel, retained in 2019, readily located Ms. Villanueva by a search of public records. (PCRA, para. 7-8).

Further, Petitioner's claim fails even were we to construe it is as a prior counsel's failure to locate Ms. Villanueva. In *Commonwealth. v. Bronshtein*, 561 Pa. 611, 616–17, 752 A.2d 868, 871 (2000) the Pennsylvania Supreme Court rejected the same argument. There, the Supreme Court explained:

This Court rejected this precise argument in *Commonwealth v. Pursell*, 561Pa. 214, 749 A.2d 911 (2000). In *Pursell*, we stated:

6

> [T]he 42 Pa.C.S. § 9545(b)(1)(ii) exception does not apply where the petitioner merely alleges that more competent counsel would have presented other claims based on a better evaluation of the facts available to him or her at the time of trial, and we reject Appellant's contention that the 'facts' which form the bases of these claims were not knowable until he was advised of their existence by present counsel. *Pursell,* 561 Pa. 214, 749 A.2d 911, 917 (2000).
>
> Thus, as *Pursell* makes clear, couching a claim in terms of ineffectiveness of prior counsel does nothing to establish the exception set forth in § 9545(b)(1)(ii).

*Com. v. Bronshtein,* 561 Pa. 611, 616–17, 752 A.2d 868, 871 (2000). *See also, Commonwealth v. Gamboa-Taylor* 562 Pa. 70, 753 A.2d 780 (2000) (holding current counsel's discovery that prior counsel could have raised claim was not newly discovered "fact" that would excuse appellant's untimely filing); *Fahy, supra* (stating claim of ineffectiveness of counsel does not save otherwise untimely petition). *Commonwealth v. Carr,* 2000 PA Super 54, ¶ 10, 768 A.2d 1164, 1167 (2001).

Petitioner having failed to establish an exception to timeliness under Section 9545(b)(1)(ii) we lack jurisdiction and may not review the merits of Petitioner's after-discovered evidence claim. Reliance upon an after-discovered evidence claim does not suspend the initial obligation to establish jurisdiction by meeting the requirements of §9545(b)(1)(ii). *Commonwealth v. Brown,* 111 A.3d 171, 177 (Pa.Super. 2015), citing *Commonwealth v. Bennett,* 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007).

Similarly, we lack jurisdiction to consider Petitioner's claim of trial counsel's ineffectiveness for failure to seek production and preservation of a claim of the Commonwealth's alleged *Brady* violation. The Petition offers no explanation for the delay in asserting such claim on direct appeal or the preceding six PCRA Petitions although he asserts that the detectives testified at trial regarding the allegedly withheld surveillance tapes. (Defendant's Second PCRA, para. 22).

Because we find Petitioner's claims patently frivolous on its face and lacking any support in the record, we need not conduct an evidentiary hearing. See, *Commonwealth v. Jordon*, 772 A.2d 1011 (Pa. Super 2001).

For these reasons, we enter the following:

### ORDER

AND NOW, this ___15___ day of November, 2021, this court is satisfied from its review of the record that no genuine issues concerning any material fact exist and that the Defendant/PCRA Petitioner is not entitled to Post Conviction Collateral Relief. No purpose could be served by any further proceedings.

Defendant/PCRA Petitioner is hereby advised of this court's intention to DISMISS the Petition for Post Conviction Collateral Relief within *twenty (20) days* of receipt of this ORDER. If no objection is filed within *twenty (20) days* the court will enter a final ORDER dismissing the Petition for Post Conviction Collateral Relief.

BY THE COURT:

JOHN F. CHERRY
PRESIDENT JUDGE

Distribution: 11-16-21 @ 11:05AM

Todd M. Mosser, Esq., mail
Catherine J. Hockensmith, Esq., mail
448 N. 10th Street, Suite 502
Philadelphia, PA 19123
todd@mosserlegal.com
kitty@mosserlegal.com

8

Ryan Lysaght, Esq.,
Dauphin County District Attorney's Office ID